Letow v. United States Fidelity & Guaranty Co.

[83 South. 81, In Banc, No. 20769.]

1. APPEAL AND ERROR: *Review of verdict. Conflicting evidence.*
   Where on the trial on a suit on the bond of a policeman for assaulting plaintiff while arresting him, there was a sharp conflict in the evidence and the jury found for the defendant, the supreme court on apeal will not disturb the verdict of the jury if the facts show a justifiable arrest, and that no unnecessary force was used in making the arrest.

2. ARREST. *Arrest without warrant. Violation of city ordinance.*
   Under section 1447, Code 1906 (Hemingway's Code, section 1204), providing for an officer or private citizen to make arrest without warrant for "indictable" offenses comitted, etc., the word "indictable" in this section means such offenses as a grand jury may indict for and does not include municipal ordinances.

3. MUNICIPAL CORPORATIONS. *Liability on policeman's bond. Assault while making arrest.*
   Where in a suit on a policeman's bond for assault while making an arrest, the defendant set-up in justification of the assault the lawfulness of the arrest but failed to establish this defense, the plaintiff in such case was entitled to a peremptory instruction.

Appeal from the circuit court of Forest county.

Hon. R. S. Hall, Judge.

Suit by M. Letow against T. P. Moore and the United States Fidelity & Guaranty Company. Plaintiff took a nonsuit as to Moore. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court. No brief of counsel on either side found in the record.

*Tally & Mayson,* for appellant.

*Stevens & Cook,* for appellee.

Etrridge, J., delivered the opinion of the court.

The appellant brought suit against T. P. Moore and the United States Fidelity & Guaranty Company, surety upon the official bond of Moore, who was a policeman in the city of Hattiesburg, alleging that Moore was a policeman and the said surety company became surety on his official bond in the penalty of five hundred dollars, conditioned for the faithful performance of the duties of said policeman, and that T. P. Moore, while claiming to perform the duties of the office, entered the plaintiff's place of business under claim of performance of official duties, and made a violent assault upon plaintiff, to his damage in the sum of five hundred dollars, and prayed for judgment for said amount.

Defendant filed the general issue, and also notice under the general issue that plaintiff at the time of the injuries complained of was engaged in the commission of the violation of the law in the presence of the defendant, T. P. Moore, who was then and there an officer of the law charged with the duties of enforcing the law, and that Moore undertook to arrest the plaintiff in proper and legal manner, and that plaintiff resisted said arrest, and then and there committed an assault

upon the defendant, Moore, when and while he was at-
tempting to make said arrest, and that the force and
means employed by Moore were necessary in order to
make said arrest and to protect the defendant from the
assault and battery being committed by the plaintiff,
and that defendant only employed such force as was
necessary to effect said arrest and to protect himself,
and in law that whatever injury plaintiff sustained was
sustained in resisting lawful arrest.

The plaintiff took a nonsuit as to the defendant,
Moore, and the case proceeded to trial as to the surety
company, the United States Fidelity & Guaranty Com-
pany.

The appellant was engaged in a restaurant and cold-
drink business in the city of Hattiesburg, and had a
little board containing the menu and prices of food
served, which board was placed upon the sidewalk in
front of appellants place of business. The policeman
notified the appellant to remove the said board from the
sidewalk. The policeman passing subsequent to this
demanded to know why the board had not been removed,
when the appellant claimed that he did not have to
move it. Thereupon the policeman went to the chief of
police, who told the policeman to return and give the
appellant twenty minutes in which to remove the board,
and, if not removed, to arrest him and bring him before
the proper officer. The policeman thereupon returned to
appellant's place of business, and notified him to remove
said board within twenty minutes or he would arrest
him, and then went away and returned after twenty
minutes, and, the board not having been removed, he
went into the place of business of the appellant, who
was behind the counter in the restaurant, and made an
effort to take hold of him, and appellant pushed his
hand away, whereupon the policeman struck the appllant
with his billy. Whereupon the appellant submitted and

went with the policeman to the city hall, and afterward brought this suit.

The foregoing is the substance of the evidence from the appellee's standpoint. The appellant claims that the policeman came in his place of business in an angry manner and struck him when he was doing nothing to the policeman, and while he was stooping over, attending to some want of a customer; that the policeman did not say anything before he grabbed him and struck him; that he was not trying to do anything to the policeman when he was struck or prior thereto; that the policeman treated him roughly, going along the street after arrest; that his jaw was swollen for eight days; that it hurt badly, and that it made him sick. He also said that the policeman had tried to make him quit operating a player piano, and that other restaurant men near him had similar billboards on the sidewalks, and were not interfered with. The plaintiff was corroborated by several employees working in the restaurant as to the assault and as to what occurred at the time of the alleged arrest. These witnesses say that when the policeman came in that plaintiff was stooping over behind the counter waiting on customers, and that the policeman grabbed him by the shoulder and began to strike, and that Letow tried to ward off the blows, but that he was struck on the face, and it was bruised; that Moore seemed to be angry.

As there was a sharp conflict between Moore and the three witnesses for the plaintiff, and the jury found for the defendant, we would not disturb the jury verdict if the facts showed a justifiable arrest, and that no unnecessary force was used in making the arrest.

The policeman failed to make affidavit and obtain a warrant for the arrest of the appellant, but claims justification for making the arrest under section 1447, Code of 1906 (section 1204, Hemingway's Code), which reads as follows:

"1447. Arrests: When Made without Warrant, etc.— An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."

There was an ordinance of the city of Hattiesburg introduced by the defendant which reads as follows:

"An ordinance to require owners or tenants, lessees and agents in possession of real estate, vacant lots, business houses, residences and all other builings abutting on sidewalks to keep the sidewalks in reasonably safe condition for travel on foot, and to keep the same free from all obstructions and to provide a penalty for failure to do so.

"Be it ordained by the mayor and board of commissioners of the city of Hattiesburg, Mississippi,

"Section 1. That owners of real estate, vacant lots, business houses, residences, and all other buildings, or tenants, lessees and agents in possession and control of same, abutting on sidewalks, shall keep such sidewalks in a reasonably safe condition for travel on foot at all times and free from all obstructions which will in any way impede or interfere with the free and safe use of sidewalks by the public traveling on foot. No broken or unsafe plank, or crack wider than one-half inch in plank sidewalks, and no holes, stumps, roots or open

ditches, and unsafe bridges on any sidewalk shall be permitted.

"Sec. 2. If any person whose duty it is to comply with section 1 of this ordinance shall fail to do so after he has been notified by any officer of the city in writing for three full days so to do, he shall upon conviction be fined not less than one dollar, nor more than one hundred dollars.

"Sec. 3. The public interest requiring it, this ordinance shall take effect and be in force from and after its passage and approval.

"Adopted and approved this March 6, 1913."

There was also an ordinance introduced making a misdemeanor under the state law offenses against the municipality when committed within the corporate limits under section 3410, Code of 1906 (section 5940, Hemingway's Code).

It will be noted from a reading of the ordinance above set out that it is made a misdemeanor against the city if one fail to remove obstructions on the sidewalks and fail to comply with section 1 of the ordinance after he has been notified by any officer of the city in writing for three full days so to do.

No ordinance was introduced conferring any authority upon the policeman to arrest without warrant for violation of municipal ordinances, and the defendant relies upon section 1447, Code of 1906 (section 1204, Hemingway's Code), for his right to make such arrest without warrant. This section provides for an officer or private person to make arrest without warrant for indictable offenses committed, or for a breach of peace threatened or attempted in his presence. The word "indictable" in this section means such offenses as a grand jury may indict for, and does not include municipal ordinances. In 5 C. J., p. 409, section 35, it is stated:

"Violations of Municipal Ordinances. Municipal peace officers are sometimes authorized either by general stat-

ute, municipal charter, or the terms of a particular
ordinance, to arrest without warrants persons whom they
find violating municipal ordinances; but at common law
no such authority is vested in peace officers, municipal or
otherwise. Whether particular offenses justify arrest
without warrant depends upon the terms of the statute
or ordinance applicable to them.''

So there was no authority to make the arrest without
a warrant even if there was a violation of the municipal
ordinance above set out. The question of guilt of Letow
is not material here for the reason that the officer did
not have a right to make the arrest without warrant.
The defense having set up in justification of the assault
the lawfulness of the arrest must, of course, establish
the lawfulness of the arrest, and, having failed to so
establish his defense, the plaintiff was entitled to a
peremptory instruction as to liability requested by him
and refused by the court.

The judgment of the court will therefore be reversed,
and the cause remanded for a new trial.

                                  *Reversed and remanded.*